**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 20 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD EDWARD MADISON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1206-CR-332 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1102-FD-131

**December 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial, Ronald E. Madison appeals his convictions of resisting law enforcement, a Class D felony,[1] and operator never licensed, a Class C misdemeanor,[2] contending the evidence presented was insufficient to support his convictions. We affirm.

On February 25, 2012, South Bend Police Officer Joseph Stitsworth was patrolling in his marked police car and investigating a complaint of loud music. He observed a tan Plymouth Acclaim playing loud music which had stopped in the middle of the street and which had no working taillights. He pulled behind the vehicle and activated his overhead lights to initiate a traffic stop. The driver drove off. Officer Stitsworth activated his siren and pursued the vehicle. The chase lasted for several blocks. It ended when the sole occupant of the vehicle jumped from the car, slipped and fell on the ice, and then fled on foot. From a distance of nine or ten yards away, Officer Stitsworth identified Madison as the occupant of the vehicle based upon more than twenty prior interactions that the officer had with him in the preceding ten years. Officer Stitsworth exited his police car and followed a single set of tracks in the snow to a residence. There, the officer ordered the occupants of the residence to exit the house. The occupants included Madison who was "breathing hard as if he had been running." *Tr.* at 70.

Madison was charged and convicted of resisting law enforcement and driving without ever having a driving license. At trial, Officer Stitsworth testified to the above facts and to the fact that Madison's certified driving record indicated that Madison had an

---

[1] *See* Ind. Code § 35-44.1-3-1(a), (b).

[2] *See* Ind. Code § 9-24-18-1(a).

2

identification card but had never had a driver's license. In addition, one of the occupants of the house where Madison was arrested testified that Madison had been working on a tan vehicle on the day of the incident and accounted for the whereabouts of all of the home's occupants except Madison at the time of the chase.

Our standard of review regarding a claim of insufficient evidence to support a conviction is well established: we neither reweigh the evidence nor assess the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind. 2003). We may look only to the evidence most favorable to the judgment and reasonable inferences therefrom and will affirm if we conclude that evidence of probative value exists such that a reasonable fact finder could find the elements of the underlying crime proven beyond a reasonable doubt. *Id.*

To support a conviction for resisting law enforcement, the State must prove beyond a reasonable doubt that the defendant knowingly or intentionally fled "from a law enforcement officer after the officer has, by visible or audible means, including the operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop . . . ." Ind.Code § 35-44.1-3-1(a)(3). The offense is a class D felony if the person uses a vehicle to commit the offense. I.C. § 35-44.1-3-1(b)(1)(A).

Here, Madison does not argue that the State did not present sufficient evidence that the person driving the Plymouth Acclaim did not commit the offense. Rather, he argues that the State did not prove that he was the person who was driving the vehicle. Given our standard of review, however, the evidence is clearly sufficient to support the

3

conviction. Officer Stitsworth testified that he had "[n]o question at all" that Madison was the driver of the vehicle based upon more than twenty interactions over a ten-year period. Weighing the credibility of witnesses and drawing inferences and conclusions therefrom is within the exclusive province of the jury. *See Taylor v. State*, 681 N.E.2d 1105, 1111 (Ind. 1997).

Affirmed.

MATHIAS, J., and CRONE, J., concur.